FILED
'05 OCT -3 PM 3: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| WAYNE E. SADLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2 05- 0105 |
| vs. ) | Judge JUDGE HAYNES |
| ) | Magistrate JUDGE BROWN |
| ) | |
| TENNESSEE BOARD OF REGENTS, ) | |
| doing business at Tennessee Tech ) | |
| University, ) | |
| Defendant. ) | |

# COMPLAINT

1. Plaintiff is an adult citizen and resident of the Middle District of Tennessee. Plaintiff is of African-American descent and consequently is a member of a protected class as a matter of law.

2. Defendant Tennessee Board of Regents is an independent division of the government of the State of Tennessee, charged with the responsibility, *inter alia,* of operating Tennessee Tech University of Cookeville, Tennessee. By virtue of the applicable provisions of Rule 4[j][2] of the Federal Rules of Civil Procedure and Rule 4.04[6] of the Tennessee Rules of Civil Procedure, Defendant is amenable to service of process upon Paul G. Summers, Attorney General of

Tennessee, Post Office Box 20207, 425 Fifth Avenue North, Nashville, Tennessee 37202.

3. At all times pertinent hereto, the relatiuonship of employer and employee existed by and between defendant and Plaintiff.

4. This court has jurisdiction over the instant controversy by virtue of Title VII, 42 USC ¶ 2000e *et seq.*, and 28 USC ¶ 1331.

5. The wrongful acts and omissions complained of herein occurred in the Middle District of Tennessee.

6. Plaintiff became employed by Defendant in 1988. From time to time and on an irregular basis, Plaintiff was subjected to racial slurs and what appeared to him to be racially discriminatory practices but the majority of these incidents were not deemed serious, or actionable, by Plaintiff and so he continued to perform his work to the best of his ability.

7. In the Fall of 2004, Defendant reduced Plaintiff's authority and responsibility for the review and analysis of reorganization proposals and similar proposals for the creation of new positions. These activities had historically been central components of Plaintiff's work. At or near this same time, segments of Plaintiff's job responsibilities were removed from him, which had the effect of

making Plaintiff ineligible for certain promotions for which he was and is entirely qualified. These actions on the part of Defendant had no legitimate business purpose, and were proximately and solely caused by unlawful racial discrimination. No non-minority employee suffered the same or similar treatment.

8. In mid-October of 2004, Plaintiff received a formal reprimand for non-compliance with Defendant's notification and approval policy concerning outside employment. Although non-protected employees routinely engaged in outside work without formal adherence to the notification and approval policy, none were formally reprimanded or otherwise disciplined. This act had no legitimate business purpose and was proximately and solely caused by unlawful discrimination.

9. On October 19, 2004, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, setting out the matters articulated hereinabove. Shortly thereafter, Defendant's treatment of Plaintiff became worse still, including but not limited to requiring Plaintiff, as a condition of continued employment, to maintain a level of detail in time accountability record keeping not required of any non-protected employee. Plaintiff has been forced to work in a racially hostile

environment, and has been otherwise required to work in a fashion that Defendant has not applied to non-protected persons. This treatment is in direct and unlawful retaliation for Plaintiff's having filed an EEOC Complaint, and is racially discriminatory.

10. As a direct and proximate result of Defendant's unlawful racially discriminatory acts and omissions as aforesaid, Plaintiff has been economically and psychologically damaged.

WHEREFORE AND FOR ALL OF WHICH Plaintiff sues Defendant for $250,000.00 in money damages, along with his reasonable attorney fees and discretionary expenses of litigation, as provided by law. Plaintiff demands a jury to resolve the issues joined.

Respectfully submitted,

_____
James L. Harris (TN BPR #014173)
2400 Crestmoor Road
Nashville, Ten 37215
(615) 386-7143
Attorney for Plaintiff